**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

YANN IANNUCCI,

        Plaintiff,

                                              Case No. 25-cv-12146

v.                                  Hon. Brandy R. McMillion

                                     United States District Judge

TERI DENNINGS, ET AL,.

        Defendants.

_____ /

## ORDER OF SUMMARY DISMISSAL

Plaintiff Yann Iannucci ("Iannucci") brings this *pro se* action against Defendants Teri Dennings, Matthew Switalski, Mark Switalski, Macomb County Friend of the Court, Anthony Forlini, State of Michigan, Kevin Lynch, 16th Circuit Court of Macomb, MI (collectively "Defendants") relating to alleged false claims made in state court. *See generally* ECF No. 1. He has filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. He has also filed a motion requesting the appointment of counsel. ECF No. 4. For the reasons below, Iannucci's request to proceed *in forma pauperis* is **GRANTED**; however, the case is **SUMMARILY DISMISSED**. The Motion to Appoint Counsel (ECF No. 4) is **DENIED AS MOOT**.

**I.**

Iannucci files this lawsuit alleging the following:

> The Macomb County Friend of the Court (MCFOC) knowingly and intentionally made a false claim of federal employment in clear violation of 18 USC 1001. The law prevents use of title 38 payments (see 42 USC 659(h)(1)(B)(iii) and 38 USC 5301). Judge Mark Switalski had ruled in favor of veterans in "North v North", but reversed and supported the criminal activity of MCFOC. His brother, Matthew Switalski approved of the crimes against me. MCFOC refused a recent demand for audit and Matthew Switalski refused an attorney general supported request for relief per Michigan Court Rules. The MCFOC ran up a bill of $99,856 and stopped because over $100,000 becomes FBI jurisdiction. I recently (July 2, 2025) went before judge Yokich who stated "Yann Iannucci is permanently disabled and unable to work" She then dismissed the proceedings without my signature, leaving me homeless and penniless. I lived at the home (illegally sold) where 100% of my equity was (also illegally sold) for ten years without rent or mortgage. Dennings and Forlini knowingly advanced these crimes by creating falsified records.

ECF No. 1, PageID.5. Based on these allegations, he seeks the following relief:

> I want the judge to clear my name because I never had a government job, or any job. My constitutional rights should be reinstated because there was no crime I committed. Because Michigan claims to appreciate its military veterans <u>AND</u> is an "equitable" relief state, I want my home returned – free of rent/mortgage. I beg the judge invokes the powers of 18 USC 242 and 18 USC 1001 and 42 USC 659(h)(1)(B)iii. Please disbar those involved in this, and consider invoking 18 USC 1961-1964.

*Id*. at PageID.6.

## II.

Iannucci filed an application to proceed *in forma pauperis*. ECF No. 2. The Court has reviewed the application, finds Iannucci to be indigent, and therefore entitled to proceed without the prepayment of fees and costs. However, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 2:16-cv-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018),

3

*report and recommendation adopted*, No. 8:18-cv-01880, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)).   Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'"   *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must also allege facts sufficient to establish that the Court has jurisdiction to hear the claims.

### III.

Iannucci's Complaint fails to establish any federal claims for relief.  He alleges the basis for federal court jurisdiction is federal question.  *See* ECF No. 1, PageID.3.  A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he or she "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Here, the federal statutes identified in the Complaint are 18 U.S.C. § 242, 18 U.S.C. § 1001, 42 U.S.C. § 659(h)(1)(B)(iii), and 18 U.S.C. §§ 1961-1964.  *Id*. at PageID.6. None of these statutes provide Iannucci an avenue for relief.

First, 18 U.S.C. § 242, 18 U.S.C. § 1001, and 18 U.S.C. §§ 1961-1964 are all criminal statutes and do not provide for a private cause of action.  Only proper

4

governmental authorities can enforce criminal laws, and private parties have no right to do so.  *See Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973); *Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 692 (6th Cir. 1994) ("[P]rivate citizen[s] lack[] a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Lee v. Stewart*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021).  Even the civil remedies available under 18 U.S.C. § 1964 may only be brought in an action by the government.  *See* 18 U.S.C. §1964(b) ("The Attorney General may institute proceedings under this section.").  Second, 42 U.S.C. § 659(h)(1)(B)(iii) and 38 U.S.C. § 5301 are statutes that deal with withholdings in the context of proceedings for enforcement of child support and alimony obligations (and which payments would be exempt) – but neither provides an avenue in which Iannucci can bring suit against any of the Defendants named in this action.

Because none of the statutes identified in the Complaint allow an individual to bring a private cause of action, Iannucci's federal claims fail to state a claim upon which relief can be granted and therefore must be dismissed.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The claims against several defendants are also subject to dismissal for other reasons:  State of Michigan would be immune from suit under the doctrine of sovereign immunity (*Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993)).  Similarly, because Michigan courts operate as arms of the State, they are entitled to the same sovereign immunity and the 16th Circuit Court of Macomb, MI and the Macomb County Friend of the Court would also be subject to dismissal (*Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64

**IV.**

Accordingly, Iannucci's Request to Proceed *In Forma Pauperis* (ECF No. 2)

is **GRANTED**, but the Complaint (ECF No. 1) is **SUMMARILY DISMISSED**.

Consequently, the Motion to Appoint Counsel (ECF No. 4) is **DENIED AS MOOT**.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith.

*This is a Final Order that closes the case.*

   **IT IS SO ORDERED.**

Dated: July 23, 2025                                    s/Brandy R. McMillion
   Detroit, Michigan                               Hon. Brandy R. McMillion
                                                    United States District Judge

---

(6th Cir. 2010); *Chambers v. Mich.*, No. 2:10-cv-12509, 2011 WL 940830, *3-4 (E.D. Mich. Mar. 16, 2011); *Young v. Dist. & Sup. Cts. of Mich.*, No. 2:10-cv-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases)). Further, Judge Matthew Switalski would be immune from suit under the doctrine of judicial immunity (*Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curium))).